[Crim. No. 14448. First Dist., Div. Four. Oct. 9, 1975.]

In re GEORGE A. THOMPSON on Habeas Corpus.

[Crim. No. 14468. First Dist., Div. Four. Oct. 9, 1975.]

In re ROGER F. FAGUNDES on Habeas Corpus.

**COUNSEL**

George A. Thompson and Roger F. Fagundes, in pro. per., for Petitioners.

Evelle J. Younger, Attorney General, and Patrick G. Golden, Deputy Attorney General, for Respondent.

**OPINION**

**CALDECOTT, P. J.**—In these cases petitioners Fagundes and Thompson seek writs of habeas corpus to compel the respondents to allow petitioners access to their complete prison records. Subsequent to his petition, Fagundes was released on parole with the result that his petition is now moot. However, as the facts in Fagundes do not materially differ from those in Thompson we will discuss the Thompson petition and decide both cases on their merits.

On August 11, 1965, petitioner Thompson was convicted of first degree murder, and was subsequently sentenced to life imprisonment. At a March 24, 1975 hearing, the petitioner was granted a parole date of March 15, 1978. On June 9, 1975, petitioner's application for a writ of habeas corpus was denied by the Superior Court of Marin County. On June 19, 1975, petitioner filed for a writ of habeas corpus from this court.

Petitioner alleges that on October 15, 1974, November 25, 1974, February 20, 1975, February 26, 1975, March 27, 1975, May 1, 1975 and

May 9, 1975, he made both verbal and written requests for access to all records and papers comprising his Department of Corrections "prison record." The specific items requested by petitioner are: (1) the central file containing the complete prison record of the petitioner; (2) all written or otherwise recorded statements, reports, etc. of any alleged criminal or historical background of the petitioner while under the control of the respondents and their agents; (3) all Department of Corrections medical and psychiatric reports, evaluations, etc.; (4) all Department of Corrections interdepartmental memoranda pertaining to the petitioner; (5) any records, papers etc. contained in the Department of Corrections central index, the departmental files at San Quentin Prison and any other facility of the Department of Corrections; (6) all active rules and regulations of the Department of Corrections and California Adult Authority where those rules and regulations affect the care and treatment of the petitioner; (7) a complete copy of the San Quentin classification manual; (8) a complete copy of the records submitted by respondents to the California Adult Authority before petitioner's last appearance on March 24, 1975.

Petitioner alleges that the above records contain false allegations of criminal conduct, medical and psychiatric reports and behavioral evaluations all of which are used to justify limitations on petitioner's access to rehabilitational programs and continued confinement.

According to Department of Correction logs, the petitioner examined his central file on February 20, 1975. At his request copies were made of items in the file. Numerous other documents were withheld as confidential primarily under Penal Code section 3046. On May 22, 1975, petitioner was allowed to examine his central file a second time. Copies of several documents in the file were furnished without charge. At the time of this review only one central file document was withheld as confidential, and petitioner was informed that the document was withheld for reasons of safety. The document was an interdepartmental memorandum from a correctional officer to his superior detailing an incident involving the petitioner. Although respondents claim that disclosure of this document to the petitioner would jeopardize an individual's safety, they do not explain what individual would be so jeopardized or why.

According to respondents, at the time of a hearing, only the inmate's central file is furnished to the Adult Authority officials; no other record is normally furnished. Respondents also state that in a review of any action

a lack of action by the California Department of Corrections is subject to administrative appeal pursuant to DP-1003 of the department's rules and regulations. In order to implement DP-1003 the department has made available to all inmates form CDC-602, "Inmate Appeal Form." The petitioner has not exercised his right to administrative appeal in this action.

■ Generally, a litigant must exhaust his administrative remedies before he may resort to the courts. Jurisdiction to entertain an action for judicial relief is conditioned upon completion of the administrative procedure. (*United States* v. *Superior Court* (1941) 19 Cal.2d 189 [120 P.2d 26].)

The exhaustion requirement does not apply where an effective remedy is lacking. For example, in *Rosenfield* v. *Malcolm* (1967) 65 Cal.2d 559 [55 Cal.Rptr. 505, 421 P.2d 697], the court held that where no specific remedy is provided, the mere existence of a general supervisory power in some official body is not a remedy to be exhausted. Another exception to the exhaustion rule would be where some irreparable damage would occur from the denial of immediate judicial relief. (*Greenblatt* v. *Munro* (1958) 161 Cal.App.2d 596 [326 P.2d 929].)

■ Under Department of Corrections regulation DP-1003 the inmate has a right to appeal decisions affecting his welfare. The petitioner in this case admits that he has not filed an administrative appeal. He complains generally that the administrative appeal procedure denies speedy adjudication. He does not, however, allege specific facts sufficient to show that the appeal procedures are an ineffective remedy.

Petitioner also argues without citing case authority that the doctrine of exhaustion of administrative remedies does not apply when constitutional claims are made before administrative bodies. Such a contention has no support in California. (*Security-First Nat. Bk.* v. *County of L. A.* (1950) 35 Cal.2d 319, 321 [217 P.2d 946]; cf. *Morton* v. *Superior Court* (1970) 9 Cal.App.3d 977, 984 [88 Cal.Rptr. 533].)

In sum, petitioner's allegations of constitutional violations do not relieve him of the necessity of first applying for relief through the proper administrative appeal procedures. He has also failed to allege specific injury or damage that would excuse him from the need to exhaust his administrative remedies.

Petitioner also contends that he has been denied complete copies of the Department of Corrections Rules and Regulations and the San Quentin classification manual. Respondents do not contest petitioner's right to such documents, and indicate that they are available at the law library in San Quentin.

In the case of *In re Thompson,* 1 Crim. 14448, the petition for writ of habeas corpus is denied.

In the case of *In re Fagundes,* 1 Crim. 14468, the petition for writ of habeas corpus is denied.

Keane, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.