In re MICHAEL D. DEXTER on Habeas Corpus.

## Counsel

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler and Robert H. Philibosian, Chief Assistant Attorneys General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler, A. Wells Petersen and Gary W. Schons, Deputy Attorneys General, for Appellant.

Paul W. Legler, under appointment by the Supreme Court, Roark & Legler and Helen DeJoice Fortson for Respondent.

Quin Denvir, State Public Defender, J. Courtney Shevelson and Richard Lennon, Deputy State Public Defenders, as Amici Curiae on behalf of Respondent.

OPINION

CLARK, J.—The People appeal from an order of the San Diego County Superior Court directing the Community Release Board (CRB) to recompute petitioner's release date without a one-year enhancement for "weapons." The appeal is authorized by section 1506 of the Penal Code.[1] As the enhancement was proper, the order appealed from must be reversed.

The question presented involves interpretation of section 1170.2, subdivision (a), providing for retroactive application of the Determinate Sentencing Act (DSL). Under that section the CRB is required to fix the term of a prisoner sentenced under the Indeterminate Sentence Law (ISL) by determining what his sentence would have been had he been sentenced under the DSL. This determination is to be made by "utilizing the middle term of the offense...of which the prisoner was convicted *increased by any enhancements justified by matters found to be true and which were imposed* by the court at the time of sentencing for such felony. *Such matters include: being armed with a deadly or dangerous weapon as specified in Section 211a*...prior to [the effective date of the DSL] which may result in a one-year enhancement pursuant to the provisions of Section 12022...." (§ 1170.2, subd. (a); italics added.)

Petitioner was sentenced to prison under the ISL for first degree robbery (former § 211a) pursuant to a plea bargain consisting in a plea of guilty to that offense in return for, among other considerations, striking of allegations of use of a firearm (§ 12022.5). Pursuant to section 1170.2, subdivision (a), the CRB set his base term at three years with a one-year enhancement for "weapons," predicated on its finding that petitioner or his accomplice had been armed with a firearm in the commission of the robbery.

First degree robbery under former section 211a did not necessarily entail being armed with a dangerous or deadly weapon; robbery by torture and robbery of the operator of a public conveyance were also robbery in the first degree. Moreover, a "dangerous or deadly weapon" for the purposes of former section 211a was not necessarily a "firearm" within the meaning of section 12022. Therefore, because the judgment

---

[1]All statutory references will be to sections of the Penal Code unless otherwise indicated.

of conviction was based on a guilty plea to first degree robbery, without any finding under section 12022, the CRB had to resort to the probation report and the transcript of the sentencing hearing to determine whether petitioner or his accomplice had been armed with a firearm during the robbery. The question presented, then, is whether the challenged enhancement, based as it is on the documents mentioned, can be said to be "justified by matters found to be true and which were imposed by the court at the time of sentencing," as required by section 1170.2, subdivision (a). For reasons to be explained below, we resolve this question in favor of the People. First, however, we consider their objection that petitioner has not exhausted his administrative remedies.

### Exhaustion of Administrative Remedies

As a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies. (See, e.g., *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 291-293 [109 P.2d 942, 132 A.L.R. 715].)

The requirement that administrative remedies be exhausted "applies to grievances lodged by prisoners." (*In re Serna* (1978) 76 Cal.App.3d 1010, 1014 [143 Cal.Rptr. 350], citing *In re Muszalski* (1975) 52 Cal.App.3d 500, 503, 508 [125 Cal.Rptr. 286]; *In re Thompson* (1975) 52 Cal.App.3d 780, 783-784 [125 Cal.Rptr. 261].)

Administrative review of the CRB's action in enhancing petitioner's term was available to him. Subject to exceptions not here applicable, California Administrative Code, title 15, section 2050 et sequitur provide a three-level system of administrative appeals from all decisions of the CRB affecting anyone within its jurisdiction. One of the general grounds of appeal stated in section 2051—that the challenged decision "is illegal because the board did not have the legal authority to make the decision"—would appear to cover petitioner's complaint. Nevertheless, it is uncontroverted that petitioner did not begin to utilize, much less exhaust, the remedies open to him.

Petitioner contends it would have been futile for him to have sought administrative relief. It is quite true, as we shall explain below, the action of the CRB of which petitioner complains—resorting to the probation report and the sentencing transcript to determine whether petitioner or another principal was armed during the commission of the robbery—was consistent with clearly announced board policy. (Cal.

Admin. Code, tit. 15, § 2156.) Amicus State Public Defender asserts, moreover, the CRB has consistently maintained and defended this position in like cases in which administrative remedies have been exhausted. The People do not claim the contrary. Indeed, the People appear to have voiced an objection on exhaustion grounds in this case simply to emphasize prisoners are generally required to seek administrative relief before resorting to the courts, for in their response to the amicus brief the People repeatedly insist they wish "to have the substantive issue presented herein resolved." This we now proceed to do.

### ■ *The Challenged Enhancement Was "Justified by Matters Found to Be True and Which Were Imposed by the Court at the Time of Sentencing"*

To repeat, section 1170.2, subdivision (a), provides in pertinent part: "In the case of any inmate who committed a felony prior to July 1, 1977, who would have been sentenced under Section 1170 if he had committed it after July 1, 1977, the Community Release Board shall determine what the length of time of imprisonment would have been under Section 1170...utilizing the middle term of the offense...of which the prisoner was convicted increased by any enhancements justified by matters found to be true and which were imposed by the court at the time of sentencing for such felony. Such matters include: being armed with a deadly or dangerous weapon as specified in Section 211a...prior to July 1, 1977, which may result in a one-year enhancement pursuant to the provisions of Section 12022...."

Prior to 1 July 1977, section 211a provided: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon, and the robbery of any person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire, is robbery in the first degree. All other kinds of robbery are of the second degree."

The DSL eliminated the degrees of robbery, and in providing for punishment distinguished only between robbery of a public transport operator (§ 211a) and other robberies (§ 213). Additional punishment for being armed with a firearm and/or personally using a deadly or dangerous weapon or firearm is provided by sections 12022 and 12022.5. Personal use of a deadly or dangerous weapon in the commission of a felony carries a one-year enhancement under section 12022, subdivision (b), and personal use of a firearm carries a two-year en-

hancement under section 12022.5. Section 12022, subdivision (a), the provision applicable here, states: "Any person who is armed with a firearm in the commission...of a felony shall...in addition and consecutive to the punishment prescribed for the felony...be punished by an additional term of one year, unless such arming is an element of the offense....This additional term shall apply to any person who is a principal in the commission of a felony if one or more of the principals is armed with a firearm, whether or not such person is personally armed with a firearm."

Because arming with a firearm (or other dangerous or deadly weapon), personally or by another principal, was an element of the offense of first degree robbery under the ISL, no additional punishment could be imposed on that ground under section 12022 prior to the operative date of the DSL. (*People* v. *Floyd* (1969) 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862].) Therefore, simple arming often was not separately charged under section 12022, and if it was charged and found, no additional term was imposed on the finding. Moreover, plea bargaining in many cases, and this case is an example, led to striking of "use" allegations under section 12022.5 by a defendant who pleaded guilty to robbery and admitted or was found to have committed first degree robbery.

First degree robbery was punishable under the ISL by imprisonment in the state prison for not less than five years, and second degree by imprisonment for not less than one year. (Former § 213.) Thus, although there may have been no express charge or finding of use or arming in connection with a conviction of first degree robbery under the ISL, when such matters were found as the basis of a first degree conviction, the court did impose additional punishment as a result thereof.

The CRB's policy is as follows: "The DSL provides that a person who was personally armed with or who was a principal in a crime in which another principal was armed with a firearm during the commission or attempted commission of a felony shall receive an enhancement of one year if that fact is pled and proven. [§ 12022, subd. (a).] Since the ISL provided for an aggravated or additional punishment if the prisoner was armed with a deadly or dangerous weapon the sentencing transcript must be read to determine if the weapon was a firearm. If it was a firearm an enhancement of one year shall be added if the prisoner or another principal was armed with a firearm. No enhancement shall be added if the weapon was not a firearm. If being armed with a firearm is

an element of the offense of which the prisoner was convicted, no enhancement shall be added unless the offense is first degree robbery or first degree burglary." (Cal.Admin. Code, tit. 15, § 2156, subd. (a).)

Petitioner was charged with four counts of robbery (§ 211), with use of a firearm alleged as to each count (§ 12022.5), and one count of credit card forgery (§ 484f, subd. (2)). He pleaded guilty to one of the robbery counts in return for dismissal of all other counts and striking of the use allegations. The change of plea form executed by petitioner indicated he understood the maximum punishment for his offense to be imprisonment for not less than five years, which was, of course, the punishment prescribed by the ISL for robbery of the first degree. The abstract of judgment reflected a first degree robbery conviction, dismissal of all other counts, striking of use allegations, and "no findings" on the standard weapons issues.

In describing the circumstances of the offense to which petitioner pleaded guilty, the probation report stated petitioner and an accomplice robbed two golfers at gunpoint, and in a robbery of other golfers an hour earlier petitioner, specifically, had held a pistol. At the sentencing hearing petitioner's counsel stated that petitioner admitted participating in the robberies, but claimed his accomplice had been the one with the weapon. No exception was taken to the recital in the probation report that the weapon used was a firearm. After reading and considering the probation report, the sentencing judge, characterizing the offense as "armed robbery," pronounced the robbery to be of the first degree.

The order of the superior court granting relief recited the court agreed with petitioner the CRB had "exceeded its authority by applying a one-year enhancement to factors expressly agreed to be stricken by the District Attorney and actually stricken by the Court. . . . That which the Court has stricken is no longer available to be considered as a fact. To do otherwise would exalt the discretionary role of the Community Release Board over that of the Court. . . . We feel the decision of Judge Butler striking the 12022.5 allegations is binding on the Community Release Board and may not be resurrected by it directly or indirectly for purposes of enhancement."

The superior court's explanation of its decision reflects apparent misunderstanding of the actions of both the sentencing court and the CRB. The "weapons" enhancement here was not based on personal *use* of a firearm (§ 12022.5), but on the fact one of the principals, petitioner or

his accomplice, was *armed* with a firearm (§ 12022). The enhancement was not discretionary but mandatory. (§ 1170.2, subd. (a).) Petitioner received the benefit of his plea bargain. Finally, striking the "use" allegations pursuant to a plea bargain did not constitute a *finding* that no firearm was used in the offense.

As previously stated, section 1170.2 subdivision (a), requires that an enhancement be "justified by matters found to be true and which were imposed at the time of sentencing." Amicus State Public Defender contends "no weapons finding was ever made" in this case.

Admittedly, there was no express finding that defendant was armed within the meaning of section 12022. As has been previously explained, because the ISL did not permit imposition of additional punishment under section 12022 in an armed robbery case (*People* v. *Floyd, supra,* 71 Cal.2d 879), simple arming often was not separately charged under section 12022, and if it was charged and found, no additional term was imposed on the finding.

Nevertheless, petitioner was unquestionably found to have been armed. After reading and considering the probation report, the sentencing judge pronounced the robbery to be of the first degree. As no one has suggested that petitioner perpetrated the robbery by torture or that his victim was the operator of a public conveyance, this meant he must have been armed. (Former § 211a.) This inference was clearly supported by the statement in the probation report that petitioner and his accomplice robbed their victims at gunpoint. No exception was taken to the recital in the probation report that the weapon used was a firearm; petitioner's counsel merely asserted that while petitioner admitted participating in the robberies, the accomplice had been the one with the weapon.[2] Finally, when pronouncing judgment, the judge characterized the offense as "armed robbery."

---

[2] A concession by counsel that defendant was armed has been held sufficient to support a determination of first degree robbery. (*People* v. *Raner* (1948) 86 Cal.App.2d 107, 110 [194 P.2d 37].)

"In California a criminal defendant has the right to testify, to call witnesses or to produce evidence at the probation and sentencing hearing in order to rebut information in the probation officer's report. (*People* v. *Valdiva,* 182 Cal.App.2d 145, 149 [5 Cal.Rptr. 832].) The time for exercising that right is at the hearing itself. As with claims of newly discovered evidence after judgment (e.g., *People* v. *Greenwood,* 47 Cal.2d 819, 821 [306 P.2d 427]), we view with disfavor the attempt to raise for the first time after sentencing the claim that the probation report was inaccurate. To permit prisoners to wait until after the probation and sentencing hearing to challenge the

Judicial practice supports the CRB's reference to the probation report to determine whether petitioner's first degree robbery conviction was based on his having been armed with a firearm within the meaning of section 12022, subdivision (a). In *People* v. *Rosenberg* (1963) 212 Cal.App.2d 773 [28 Cal.Rptr. 214], an appeal from judgment based on a guilty plea, the Court of Appeal resolved a section 654 multiple punishment issue by referring to the probation report to determine whether the defendant's offenses were incident to a single objective.

Moreover, were the CRB precluded from referring to the probation report, arbitrary results, clearly at variance with legislative intent, would follow. The cardinal principal of the DSL is that terms be "proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances." (§ 1170, subd. (a) (1).) Yet confining the CRB to the abstract of judgment in cases such as this would result in first degree armed robbers receiving the same term as second degree robbers. ISL armed robbers would receive a lesser DSL term than persons convicted of armed robbery under the DSL. The inclusion of section 211a as a basis for enhancement in section 1170.2, subdivision (a) would be rendered meaningless.

■ Amicus State Public Defender contends petitioner was denied due process of law because the CRB resolved the enhancement issue on the basis of the trial court record and did not hold a hearing into the question whether petitioner was armed within the meaning of the applicable statutes. As the People point out in their response to amicus, the fundamental defect in this argument is that section 1170.2, subdivision (a), requires a finding by the trial court to justify enhancement and thus provides an accurate factual determination of the underlying issue. Moreover, if the inmate claims the enhancement is not justified by a trial court finding, he has recourse to the three-level system of administrative appeals mentioned earlier (Cal. Admin. Code, tit. 15, § 2050 et seq.), and if necessary, to judicial review on habeas corpus. The demands of due process are amply satisfied.

---

probation report would open the door to wasteful and duplicative procedures and abuse of court processes. There may be situations in which a prisoner is entitled to a new sentencing hearing, but only where he shows that: (1) material false information was (2) relied upon by the sentencing judge, and (3) the defendant had no opportunity at the time of sentencing to correct such false information. (*Townsend* v. *Burke,* 334 U.S. 736, 740-741 [92 L.Ed. 1690, 1693-1694, 68 S.Ct. 1252].)" (*In re Beal* (1975) 46 Cal.App.3d 94, 99-100 [120 Cal.Rptr. 11].)

Finally, amicus State Public Defender's equal protection argument is based on a misunderstanding of section 1170.2. Amicus asserts that armed robbers and armed burglars are treated differently from all other offenders found to have been armed under section 12022. Amicus alleges that the terms of armed robbers and burglars are enhanced automatically under subdivision (a) of section 1170.2, whereas for all other armed offenders enhancement is a matter of discretion to be resolved after the hearing provided in subdivision (b) of the statute. To the contrary, as the People point out in their response: "The enhancement provisions of section 1170.2, subdivision (a), apply equally to all criminal offenses and offenders. Under the statute, for any offender found to be within the arming, firearm use, great bodily injury, or prior felony conviction statutes at the time of sentencing, and was sentenced therefor, section 1170.2, subdivision (a), calls for the imposition of an enhancement. It is simply not true, as contended by amicus curiae, that robbers and burglars received an automatic enhancement, while all other offenders had a hearing on the issue." (Citations omitted.)

The order appealed from is reversed.

Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Manuel, J., and Newman, J., concurred.