[No. G020481. Fourth Dist., Div. Three. Feb. 20, 1998.]

In re GARY B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
GARY B., Defendant and Appellant.

**COUNSEL**

Richard W. Weinthal, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley and Warren P. Robinson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEDSWORTH, J.**—Rule 1494(c) of the California Rules of Court requires that the juvenile court specify in its order committing a minor to the California Youth Authority whether the minor's offense "is one listed in section 707 (b)" of the Welfare and Institutions Code. (All subsequent statutory references are to this code, except as noted.) The consequences of this specification can be significant. If the offense is a section 707, subdivision (b) offense, the California Youth Authority maintains jurisdiction over the minor for two years or until the minor reaches the age of twenty-five, whichever occurs later. (§ 1769, subd. (b).) If, on the other hand, the offense is not on the list, the minor must be discharged after either two years or upon turning twenty-one, whichever is later. (§ 1769, subd. (a).)

In this appeal, Gary B. asks that we reverse an order of the juvenile court designating his crime a section 707, subdivision (b) offense. We decline to

do so because the evidence properly considered by the trial court reveals he used a firearm in the commission of a robbery—an offense specified in section 707, subdivision (b)(3).

Charged with using a gun to commit a gang-related robbery and commercial burglary of a 7-Eleven store, 17-year-old Gary entered into a written agreement with the district attorney. He agreed to admit to commission of robbery and accept a five-year commitment to the California Youth Authority (CYA) in return for a dismissal of the burglary charge and the gang and personal firearm use enhancements—along with a promise the prosecutor would not ask the court to calculate the length of his commitment based on his entire juvenile record. No other representations concerning disposition were set out in the agreement. Gary offered the following factual basis for his admission: "On 7/20/96 I used a gun in a robbery of a 7[-]11 store with Fernando & Michael. We planned to steal beer from the store before entering."

On August 2, 1996, the court was provided a copy of the written agreement. It begins with the statement, "THE PARTIES SUBMIT THE FOLLOWING AGREEMENT FOR COURT APPROVAL," and it ends with a certification by Gary's attorney indicating "[n]o promises of a particular disposition/commitment . . . have been made by [me] or to my knowledge by the prosecuting attorney or the Court which have not been fully disclosed in this form." During the hearing, Gary's attorney made no mention of any additional terms contemplated by the parties. After reviewing the form, the court confirmed Gary's willingness to waive his constitutional rights, accepted his admission to the robbery charge, and continued the dispositional hearing until August 16 to allow the probation department time to prepare a "social study" of the minor, as required by section 280.

On the 16th, the court indicated it had read and considered the disposition recommendation of the probation officer and intended to impose the upper term for the robbery—the five-year commitment to which the parties had agreed. In addition, however, the court announced the order of commitment sent to CYA would specify Gary's transgression was listed in section 707, subdivision (b). Gary's counsel objected, contending the purpose for entering into the agreement with the district attorney had been "to make [the robbery] a non-707(b) offense"—since only *armed* robbery is on the list.

But the court replied it had no recollection of that rationale ever being discussed.[1]

While the court agreed dismissal of the enhancements limited Gary's maximum commitment to five years, as opposed to the thirteen years he originally faced, it rejected his argument that, in making the section 707 determination mandated by rule 1494(c) of the California Rules of Court, it could not go behind his admission to consider the circumstances of his offense. Accordingly, the court committed Gary to CYA and ordered that it be advised Gary's robbery was, in fact, an offense listed in section 707, subdivision (b)(3). Gary contends the trial court erred by making this order. We can find no case treating the issue but are nonetheless persuaded the trial court's decision was correct.

## I

■ Initially, Gary argues the trial court was not entitled to consider evidence of gun use from the dispositional hearing once it had dismissed the firearm use enhancement from the petition. He faults the court for relying on facts related to the dismissed gun use allegation found in the probation officer's report, complaining the alleged information was neither properly before the court nor relevant to the court's commitment order within the meaning of Evidence Code section 350. He also purports to base his argument on section 678, which requires the rules "relating to *variance and amendment of pleadings* in civil actions shall apply" to juvenile court proceedings. (Italics added.) But this case does not present a question related to construction of the pleadings.

Despite Gary's claim, we know of no rule requiring the trial court to limit its assessment of the facts to those specifically set out on the face of the petition. And, while the facts demonstrating Gary's gun use certainly became irrelevant to determining the *length* of his commitment after the enhancement was dismissed, there is no compelling reason to conclude they were irrelevant, or could no longer be considered by the court, for other purposes related to the order of commitment.

The legislative scheme clearly identifies the evidence the juvenile court is required to consider in determining the appropriate disposition of a minor. After it finds a minor is "a person described by Section 601 or 602" and

---

[1]The record supports the trial court's remark. There was no mention of section 707, subdivision (b) reported or memorialized in any document presented to the court.

declares the minor "a ward of the court" under section 725, subdivision (b), "[t]he court shall receive in evidence the social study of the minor made by the probation officer and any other relevant and material evidence that may be offered . . . ." (§ 706.)

Section 725.5 adds that the court's "judgment and order" must be based on all the relevant and material evidence before it, including "(1) the age of the minor, (2) *the circumstances and gravity of the offense* committed by the minor, and (3) the minor's previous delinquent history." (Italics added.) It is manifest the "circumstances and gravity of the offense" cannot be gleaned from a mere scanning of the petition. Rather, as contemplated by section 706, they must be extracted primarily from the probation officer's report and other evidence presented by the parties.

No case authority exists directly on the point Gary raises here; this appears to be a case of first impression in the juvenile context. But the law is replete with examples of courts looking beyond the pleadings to consider circumstances of an offense for purposes of disposition—even when those circumstances relate to a count or an enhancement dismissed, as here, pursuant to a bargained plea.

In *People* v. *Cortez* (1980) 103 Cal.App.3d 491 [163 Cal.Rptr. 1], for example, the defendant robbed a 7-Eleven store while armed with a deadly weapon—a screwdriver. As part of a plea bargain, the deadly weapon allegation was stricken; however, the court used the fact Cortez was armed as an aggravating factor and sentenced him to the upper term for robbery. On appeal, Cortez argued the trial court erred by considering the fact he was armed during the robbery because the armed allegation was no longer a part of the pleadings. The Court of Appeal's retort applies to our case as well: "While facts relating to an independent count which is dismissed pursuant to a plea bargain may not be considered in aggravation of the crime to which a defendant pleads guilty (*People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396]), such is not the case where the facts regarding the dismissed count are transactionally related to the offense to which the defendant pleads guilty (*id.* at p. 758; *People* v. *Guevara* (1979) 88 Cal.App.3d 86, 92-94 [151 Cal.Rptr. 511]). Here the use of the screwdriver and the attempt to rob [the victim] were all part of the [same] transaction . . . . Moreover, the screwdriver could be considered in aggravation 'whether or not charged or chargeable as an enhancement under section 12022' ([Cal. Rules of Court,] rule 421(a)(2))." (*People* v. *Cortez, supra,* 103 Cal.App.3d at pp. 496-497; also see *People* v. *Axtell* (1981) 118 Cal.App.3d 246, 257 [173 Cal.Rptr. 360].)

Similarly, in *People* v. *Lopez* (1982) 131 Cal.App.3d 565 [182 Cal.Rptr. 563], the prosecution charged Lopez with six counts of assault with a deadly weapon and alleged he personally used a firearm in the commission of each offense. A jury convicted him of the assaults but found the firearm use enhancement not true. Despite the jury's express finding, the trial court used the circumstance of Lopez being armed as an aggravating factor and sentenced him to the upper term of imprisonment on each count. The Court of Appeal concluded the trial court properly based its sentencing choice on facts the jury had rejected, opining "the court was authorized to consider the fact Raymond was armed with a weapon 'whether or not charged or chargeable as an enhancement.' (See Cal. Rules of Court, rule 421(a)(2).)" (*Id.* at p. 574.)

Although the analysis in *Lopez* may have been somewhat truncated, its rationale was made explicit in *People* v. *Lewis* (1991) 229 Cal.App.3d 259 [280 Cal.Rptr. 128]. Lewis was charged with various crimes of violence, including rape, and the information alleged he used a dangerous weapon to facilitate his attack. Although the jury convicted Lewis of rape, it found the use allegation not true. Still, the trial court imposed a full consecutive term for the offense—in part, because it found Lewis had been armed with, and used, a deadly weapon. The Court of Appeal upheld the sentence, noting that, while "[e]nhancement allegations must be proved beyond a reasonable doubt," the "[c]ircumstances on which a trial court relies in making a sentencing choice must [only] be established by a preponderance of the evidence. [Citations.]" (*Id.* at p. 264; see also *People* v. *Ramos* (1980) 106 Cal.App.3d 591, 604-606 [165 Cal.Rptr. 179] [upholding use of the preponderance standard against constitutional attack], disapproved on an unrelated ground in *People* v. *Scott* (1994) 9 Cal.4th 331, 353, fn. 16, 356 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *In re Michael V.* (1986) 178 Cal.App.3d 159 [223 Cal.Rptr. 503] [approving the court's consideration of suppressed evidence at the minor's disposition hearing]; cf. *United States* v. *Watts* (1997) 519 U.S. __ [117 S.Ct. 633, 136 L.Ed.2d 554] [upholding a sentencing court's right to consider conduct of which defendant was acquitted, so long as conduct proved by a preponderance of the evidence].)

In view of this analogous authority, and since preponderance of the evidence is the appropriate standard to apply in the absence of a statute or decision to the contrary (Evid. Code, § 115), we hold that the juvenile court is entitled to base its section 707 determination on facts before it at the dispositional hearing which are either admitted by the minor or which the court finds to be true by a preponderance of the evidence. The evidence considered by the court may consist of events the probation officer's social

study and other relevant evidence reveals are transactionally related to the offenses upon which the petition is sustained.

Thus, here, even though the enhancement under Penal Code section 12022.5 alleging Gary's personal use of a firearm during the commission of robbery was dismissed pursuant to a plea bargain, the court was entitled to consider the fact Gary used a gun in deciding whether the robbery was one covered by section 707, subdivision (b). The firearm use was described in the probation officer's report,[2] conceded by Gary in the written factual basis for his admission, and transactionally related to the robbery charge. Therefore, the trial court did not err.[3]

## II

Gary raises three additional points, none of which has merit. First, he argues the juvenile court has no right to make evidentiary findings after the jurisdictional hearing is completed and, therefore, section 707 determinations present pure questions of law. That assertion is belied by sections 706 and 725.5, both of which require the court to consider evidence *after* a minor has been adjudged a ward of the court for the purpose of fashioning an appropriate disposition.

*In re Pedro C.* (1989) 215 Cal.App.3d 174 [263 Cal.Rptr. 428], which Gary cites in support of his contention, did indeed treat the court's determination pursuant to rule 1494(c) of the California Rules of Court, as a question of law. However, it did so only after finding "[n]o factual issue existed *in this case* as to whether appellant's offense fell within section 707, subdivision (b)." (215 Cal.App.3d at p. 181, italics added.) Of course, the ultimate determination of whether the offense falls under section 707, subdivision (b) *is* a question of law. But first, consistent with our holding, the trial court must consider the evidence before it to determine, as a matter of fact, what the circumstances of the offense were.[4]

Next, Gary insists he is entitled to specific enforcement of his plea agreement. However, the agreement says nothing about the court finding his

---

[2]At oral argument, Gary's counsel asserted references to Gary's gun use had been deleted from the probation report. Not so; only one of three references was stricken. Those included in the probation officer's description of the "circumstances of the offense" remained.

[3]We note, in view of Gary's record of prior offenses, the trial court's order is consistent with the goal of the juvenile justice system—rehabilitation of the minor. (Cf. *In re Lawanda L.* (1986) 178 Cal.App.3d 423, 433 [223 Cal.Rptr. 685].) In our view, the prospects for Gary's rehabilitation are only enhanced by the court's order, which enlarges the time during which the CYA will have jurisdiction over Gary and his activities. (§ 202, subds. (b), (e).)

[4]Gary suggests the court's task is clerical in nature and consists of merely looking at the charges sustained to determine whether the minor's offense falls under section 707,

offense to be outside the parameters of section 707, subdivision (b). And when Gary's constitutional waivers were taken and his admission was entered, no one advised the court of any additional terms or expectations about the disposition. To the contrary, the agreement submitted to the court included a statement by Gary's attorney indicating "[n]o promises of a particular disposition/commitment . . . . have been made by [me] or to my knowledge by the prosecuting attorney or the Court which have not been fully disclosed in this form." Moreover, when Gary's objection to the court's section 707 determination was made, the court commented it had no recollection of anyone mentioning section 707 ramifications as being part of the deal.

Like the court in *People* v. *Haney* (1989) 207 Cal.App.3d 1034, 1040 [255 Cal.Rptr. 276], "we have no basis upon which to conclude that the plea bargain expressly or impliedly precluded" the court from considering Gary's firearm use in determining the appropriate disposition of the case. "If [Gary] wished to avoid the legal disabilities [associated with the court's decision], it was incumbent on him to negotiate an express bargain to that effect." (*Ibid.*) He failed to do so.

Finally, Gary complains the court's finding has denied him procedural due process because he reasonably expected the court to conclude his offense was not listed in section 707, subdivision (b), and due process prohibits a court from "sustaining any charge against a minor . . . . which is not alleged in the petition . . . ." As we have already explained, however, Gary's expectation was not a reasonable one, and he received all the process he was due. If he considered the finding on the section 707 issue essential to the bargain he submitted for court approval, the burden was his to ensure that it was included in the written agreement or somehow brought to the court's attention. The court's failure to intuit his expectation that there would be less process than there turned out to be did not deny Gary his constitutional rights.

We agree with Gary that due process prohibits the court from "sustaining any charge against a minor" the People have failed to allege. However, the

---

subdivision (b). However, even before the rule was adopted requiring the trial court to make a section 707 determination, it appears the juvenile authorities were entitled to comb through the entire trial record to ascertain the nature of the offense. (See 65 Ops.Cal.Atty.Gen. 359, 360-364 (1982); cf. *In re Dexter* (1979) 25 Cal.3d 921, 928-930 [160 Cal.Rptr. 118, 603 P.2d 35] [approving community release board's use of sentencing hearing record and probation report to determine Dexter was armed during the commission of robbery, even though firearm use enhancement was dismissed as part of a plea bargain and no armed finding was included in the judgment].)

only charge "sustained" by the court—robbery—was sustained because Gary admitted it. As we have already observed, the section 707, subdivision (b) finding made at the time of disposition is not based on allegations in the pleadings but on evidence the court is directed to evaluate pursuant to sections 706 and 725.5. By considering the evidence presented as part of the probation officer's report, the court did nothing but conform to the legislative mandate, about which Gary was at least constructively on notice. We are unable to find any fundamental unfairness in such proceedings. The judgment is, therefore, affirmed.

Sonenshine, Acting P. J., and Rylaarsdam, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 20, 1998.