**David RASMUSSEN, Petitioner—Appellant,**

v.

**Ed ALAMEDA; Attorney General of the State of California, Respondents—Appellees.**

No. 99–17582.

D.C. No. CV–98–00544–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2000 *.

Decided May 22, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before WALLACE, FISHER and RAWLINSON, Circuit Judges.

MEMORANDUM **

David Rasmussen, a California state prisoner, appeals a district court order denying as untimely his petition for writ of habeas corpus. This Court reviews de novo a district court's dismissal of a petition for writ of habeas corpus on statute-of-limitation grounds. *Miles v. Prun-*

*ty,* 187 F.3d 1104, 1105 (9th Cir.1999). The provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case because Rasmussen's petition was filed after the Act's effective date, on April 24, 1996. *Lopez v. Thompson,* 202 F.3d 1110, 1116 n. 5 (9th Cir. 2000).

AEDPA imposes a one-year statute of limitation on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). State prisoners, like Rasmussen, whose convictions became final prior to AEDPA's enactment on April 24, 1996, have a one-year grace period in which to file their petitions. *Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1287 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc). The grace period, however, is tolled by statute any time during which a properly filed application for postconviction relief is pending before the state court. *See* 28 U.S.C. § 2244(d)(2); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). Rasmussen contends that he is entitled to statutory tolling sufficient to render his § 2254 petition timely. In light of recent case law decided after the district court ordered dismissal of this case, we agree.

On March 10, 1987, Rasmussen's direct criminal appeal affirming his conviction became final. Rasmussen filed his first state petition for postconviction relief with the California Superior Court on August 26, 1996, 123 days after AEDPA's enactment. The petition was denied on December 19, 1996 for untimeliness and, in the alternative, on the merits. Rasmussen filed a petition with the California Court of Ap-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

peal on July 11, 1997 that was summarily denied on July 17, 1997. Rasmussen's final state habeas petition, filed with the California Supreme Court on July 28, 1997, was denied on December 23, 1997.

On March 27, 1998, Rasmussen filed a petition for writ of habeas corpus in federal court. The district court dismissed Rasmussen's petition, concluding that his petition was untimely even after the application of statutory tolling during the pendency of his state court petitions. In conducting its tolling analysis, the district court tolled the statute of limitation only during those periods when Rasmussen's state petitions were actually pending, and did not toll during the gaps between Rasmussen's various petitions. After the district court rendered its decision in this case, however, we decided *Nino v. Galaza*, which applied § 2244(d)(2) to California's postconviction procedure and concluded that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino*, 183 F.3d at 1006; *see also Saffold v. Newland*, 224 F.3d 1087, 1090 (9th Cir.2000) (holding statute of limitation tolled during entire collateral appeal process despite substantial delay between petitions). Thus, under *Nino*, Rasmussen is entitled to tolling during the entire time he is pursuing properly filed state court petitions, including the gaps between his various filings.

■ The state contends, however, that Rasmussen is not entitled to statutory tolling because his petitions were procedurally flawed and thus were not "properly filed" under *Dictado v. Ducharme*, 244 F.3d 724 (9th Cir.2001). That opinion, however, was withdrawn after briefs were filed in this case and amended in accordance with the Supreme Court's intervening decision in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 363–64, 148 L.Ed.2d 213 (2000). *See Dic-*

*tado v. Ducharme*, 244 F.3d 724 (9th Cir. 2001). In *Artuz*, the Supreme Court held that an application for state postconviction relief is properly filed so long as its delivery and acceptance are in compliance with the applicable laws and rules governing filings. The "applicable laws and rules" governing filings "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz*, 121 S.Ct. at 364. Thus, petitions may be "properly filed" for the purposes of § 2244(d)(2) even if the petition contains claims that are procedurally barred under state law. *Id.* (holding "the question whether an application has been 'properly filed' is quite separate from whether the claims *contained in the application* are meritorious and free from procedural bar."). Petitions may also be "properly filed" if they are untimely, so long as the timeliness requirement "contains exceptions that require a state court to examine the merits of a petition before it is dismissed." *Dictado*, 244 F.3d at 727–28.

We conclude that, under the standard announced in *Artuz* and adopted by this court in *Dictado*, Rasmussen's state postconviction petitions were properly filed for the purpose of § 2244(d)(2) and tolled AEDPA's one-year grace period sufficiently to render Rasmussen's federal petition timely. We know that Rasmussen's first petition, before the superior court, was properly filed because the court reached, in the alternative, the merits of the petition. *See Saffold*, 224 F.3d at 1090 (concluding petitioner was entitled to tolling under § 2244(d)(2) where dismissal was on the merits and for untimeliness). His second petition, before the court of appeal, was summarily denied, and is therefore assumed to rest on the same grounds as the earlier, reasoned denial by the superior court. *Ylst v. Nunnemaker*, 501 U.S.

797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Accordingly, Rasmussen's second petition was also properly filed under *Saffold.*

Rasmussen's third petition, filed with the California Supreme Court, was denied, in the alternative, with citation to three cases: *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793 (1949) (denying petition for untimeliness); *People v. Duvall,* 9 Cal.4th 464, 486, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995) (denying petition for failure to plead reasonably available facts); *In re Dexter,* 25 Cal.3d 921, 925, 160 Cal.Rptr. 118, 603 P.2d 35 (1979) (vacating petition for petitioner's failure to seek administrative·relief before resorting to the courts). The timeliness ruling does not preclude a finding that Rasmussen's petition was properly filed because, like the timeliness requirement at issue in *Dictado v. Ducharme,* California's timeliness requirement is subject to four exceptions which require the state court to examine the merits of a petition before it is dismissed.[1] *See Dictado,* 244 F.3d at 727–8.

Moreover, the denial procedural infirmities such as failure to plead properly and for failure to exhaust administrative remedies does not render Rasmussen's petition improperly filed. *Artuz* firmly established that procedural deficiencies do not render a petition improperly filed, "so long as its delivery·and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz,* 121

S.Ct. at 364. Here, there is no indication that Rasmussen's petition before the supreme court was not in compliance with the relevant rules governing delivery and acceptance of his petition, other than timeliness, which in this instance does not preclude a finding that Rasmussen's petition was properly filed. Accordingly, Rasmussen's petition before the supreme court was properly filed despite being procedurally flawed, and tolled AEDPA's one-year grace period.

Because each of Rasmussen's petitions in state court was properly filed, the statute of limitations was tolled from the time he filed his first state habeas petition on August 26, 1996, until the California Supreme Court rejected his petition on December 23, 1997. *See Nino,* 183 F.3d at 1006. Rasmussen filed his first petition 123 days after the one-year grace period. He therefore had 242 days remaining after the denial of his petition by the supreme court, or until August 22, 1998, to file his federal petition. His petition of March 17, 1998 was therefore timely, and we reverse the dismissal of his petition.

Because we determine that Rasmussen's petition was timely after the application of statutory tolling, we do not reach the issue of equitable tolling.

REVERSED AND REMANDED.

**1.** The four merit-based exceptions to California's untimeliness bar are: "(1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; (3) that the death penalty was imposed by a sen-

tencing authority which had such a grossly misleading profile of the petitioner before it that absent the error or omission no reasonable judge or jury would have imposed a sentence of death; or (4) that the petitioner was convicted or sentenced under an invalid statute." *La Crosse v. Kernan,* 244 F.3d 702, 705–06.