Filed 5/16/14  In re Michael H. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re MICHAEL H., a Person Coming Under the Juvenile Court Law. | |
| | D063833 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J211-796) |
| v. | |
| MICHAEL H., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder A. Willis III, Judge.  Affirmed.

Patrick M. Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Michael H. was committed to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities (DJF) for four years following a probation violation based on an original conviction of an assault with a deadly weapon as an aider and abettor. Michael appeals contending that the juvenile court erred in finding that assault with a deadly weapon qualified as an offense making him eligible for commitment to the DJF as it is not on the exclusive list of qualifying offenses referenced in Welfare and Institutions Code section 707, subdivision (b) (section 707(b), undesignated statutory references are to this code). We disagree.

FACTS

On June 4, 2010, Michael and other juveniles physically attacked Bryce B. During the assault, Michael and his companions struck Bryce B. in the head with a beer bottle and knocked him down. While on the ground, they kicked and punched Bryce B. and stabbed him in the head, back, and buttocks with a knife. The People alleged that Michael committed attempted murder, assault by means of force likely to produce great bodily injury, assault with a deadly weapon, and used force and violence resulting in serious bodily injury. Michael admitted to committing assault with a deadly weapon. The court struck the remaining counts. The juvenile court placed Michael on probation, and he was committed to the San Diego County Probation Youthful Offender Unit (YOU) program. After being released from the YOU, he violated the terms of probation. The court placed Michael back on probation with the YOU. Again, Michael violated the terms of probation and continued with the YOU.

In 2013, the court held a detention hearing regarding allegations that Michael assaulted a YOU counselor. Michael refused to follow the counselor's instruction and punched him in the face. The blow to the counselor's face caused him to fall backwards and broke his nose. The court found that Michael violated the terms of probation. The court transferred the matter for disposition to Judge Willis, the original judge who handled Michael's 2010 assault with a deadly weapon case, to determine whether assault with a deadly weapon was a qualifying offense under section 707(b).

Judge Willis addressed two issues at the disposition hearing: (1) whether the court was barred from determining if assault with a deadly weapon came within the meaning of section 707(b), and (2) whether the court could consider the facts of the offense to make this determination.

The court determined that it could consider the specific facts of the case to which Michael plead when deciding if it came within the meaning of section 707(b). It further determined that the assault with a deadly weapon came within the meaning of section 707(b).

The court found the YOU ineffectual and committed Michael to the DJF for four years.

## DISCUSSION

A. *General Legal Principles*

A juvenile offender committed to the DJF must be discharged no later than the expiration of a two-year period of control or his or her 21st birthday, whichever occurs later, unless the offender has been adjudicated of an offense listed in section 707(b), in

3

which case, jurisdiction extends over him or her until his or her 25th birthday. (Welf. & Inst. Code, § 1769.)

Section 707(b) lists 30 offensives that subject a minor to DJF confinement. Assault with a deadly weapon is not a specifically enumerated section 707(b) offense. However, assault by any means of force likely to produce great bodily injury is an enumerated offense. (§ 707, subd. (b)(14).) Section 707(b) is intended "to designate the offenses that trigger extended commitments." (*In re Tino V.* (2002) 101 Cal.App.4th 510, 513.) This subdivision contains descriptions of violent and serious felonies, including murder, assault with intent to murder, assault with a firearm or destructive device, and assault by any means of force likely to produce great bodily injury. Minors who have committed section 707(b) offenses will be evaluated to determine if they are fit subjects to be dealt with under the juvenile court law. (§ 707, subd. (c).) If they are, and subsequently committed to custody, they are subject to extended jurisdiction. (*In re Pedro C.* (1989) 215 Cal.App.3d 174, 182 (*Pedro C.*).)

In order to determine whether an offense falls under section 707(b), "the trial court must consider the evidence before it to determine, as a matter of fact, what the circumstances of the offense were." (*In re Gary B.* (1998) 61 Cal.App.4th 844, 851.) In order to make this factual determination, the court may consider evidence of the probationer's study and other relevant evidence that is transactionally related to the current offense. (*Id.* at pp. 850-851.) Thus, the trial court is permitted to consider facts relevant to an allegation that was dismissed pursuant to a plea bargain if it is

4

transactionally related to the offense to which the defendant pleaded guilty. (*Id.* at p. 849.)

In *Pedro C.*, Pedro C. admitted to assault with a deadly weapon. (*Pedro C.*, *supra*, 215 Cal.App.3d at p. 182.) The precise issue before the *Pedro C.* court was whether a section 707(b) offense, assault by means of force likely to produce great bodily injury, embraces assault with a deadly weapon, an offense that is not enumerated under that section. The *Pedro C.* court explained that a deadly weapon is one likely to produce death or great bodily injury and held that assault by any means of force likely to produce great bodily injury encompasses assault with a deadly weapon. (*Pedro C.*, at p. 182.)

B. *Analysis*

Michael appeals the trial court's finding that assault with a deadly weapon is a qualifying offense within the meaning of section 707(b). He argues that assault with a deadly weapon is not a specifically enumerated offense, and, therefore, he is ineligible to be committed to the DJF. Michael further argues that we should apply the rule of lenity. We reject these arguments.

Michael relies on the doctrine of *expressio unius est exclusio alterius* ("the expression of certain things in a statue necessarily involves exclusion of other things not expressed. . . .") to illustrate that the legislature did not intend that assault with a deadly weapon be included under section 707(b). (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1391, fn. 13.) Stated another way, the omission of certain offenses, while including others, is indicative of intent.

5

However, Michael acknowledges the holding in *Pedro C.*, that assault with a deadly weapon is subsumed within assault with force likely to produce great bodily injury. (*Pedro C.*, *supra*, 215 Cal.App.3d at p.183.) The Legislature is presumed to have known of and acquiesced in the previous judicial construction when it amends a statute without changing portions that have been construed by the courts. (*Sharon S. v. Superior Court,* (2003) 31 Cal.4th 417, 433.) Section 707(b) has been amended several times since *Pedro C.* was decided. The Legislature has not repudiated *Pedro C.* Accordingly, we see no reason to depart from the *Pedro C.* court's statutory intent analysis.

The trial court properly considered the facts relevant to Michael's offense since it was transactionally related to the offense to which Michael pleaded guilty. Assault with force likely to produce great bodily injury requires a fact-sensitive inquiry. Where there is actual injury to the victim, the nature and extent of the injuries "will often be the controlling factor" in determining that the force used was likely to produce great bodily injury. (*People v. Duke* (1985) 174 Cal.App.3d 296, 303.) Michael and his companions stabbed Bryce B. in the head, back, and buttocks with a knife. After the assault, Bryce B. was taken to the hospital. The factual determination made by the trial court was supported by substantial evidence that the assault came within the meaning of assault with force likely to produce great bodily injury.

Similar to *Pedro C.*, Michael admitted to assault with a deadly weapon but never admitted to assault by means likely to produce great bodily injury. Assault with a deadly weapon is one likely to produce great bodily injury. We find no reason to depart from the *Pedro C.* analysis that assault with a deadly weapon in subsumed within the meaning of

6

assault with force likely to produce great bodily injury. (*Pedro C.*, *supra*, 215 Cal.App.3d at p. 174.) Michael has not cited to any case, nor are we aware of one, where a contrary view or interpretation has been expressed.

Michael further argues that, under the rule of lenity, we should construe a statute as favorable to a criminal defendant if its language and the circumstances of its application reasonably permit. (*People v. Garcia* (1999) 21 Cal.4th. 1, 10-11.)

The rule of lenity is a general interpretive policy or guideline where, if a statute defining a crime or punishment is susceptible of two reasonable interpretations, courts ordinarily adopt the interpretation that is more favorable to the defendant. (*People v. Arias* (2008) 45 Cal.4th 169, 177.) The rule of lenity only applies if, after considering the text and purpose, there remains egregious ambiguity or uncertainty in a statute imposing a criminal penalty, such that the court must simply guess as to what was intended. (*People v. Manzo* (2012) 53 Cal.4th 880, 889.) In other words, the rule of lenity is a tie-breaking principle when two reasonable interpretations of the same provision stand in relative balance. (*Ibid.*)

Section 707(b) is not subject to egregious ambiguity or uncertainty. The fact that a statute could be interpreted favorably to a defendant does not mean a court should strain to interpret a penal statute in defendant's favor if it can fairly discern legislative intent. (*People v. Manzo*, *supra*, 53 Cal.4th at p. 890.) As discussed above, we are able to discern legislative intent. The purpose of the statute, general public policy concerns, and logic all favor an interpretation that would recognize a violation of section 707(b). We find no egregious ambiguity or uncertainty in section 707(b) such that the court must

7

simply guess as to what was intended by that statute. Accordingly, the rule of lenity does not compel a different result.

We therefore arrive at the conclusion that Michael's assault with a deadly weapon falls within the purview of section 707(b).

CONCLUSION

The judgment is affirmed.


McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.