Filed 7/18/24  P. v. Aceves CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063214 |
| v. | (Super. Ct. No. C-94165) |
| SALVADOR ACEVES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Salvador Aceves appeals the denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  After his attorney filed a no-issue brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, appellant filed a supplemental brief on his own behalf.  However, having considered appellant's claims, and having independently reviewed the record, we conclude appellant is ineligible for resentencing as a matter of law.  We therefore affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

In 1992, appellant participated in a gang-related drive-by shooting that resulted in two people being shot and injured.  Appellant was not the shooter, but following a jury trial he was convicted of, inter alia, conspiracy to commit murder, two counts of attempted premeditated murder, and knowingly permitting another person to discharge a firearm from his vehicle.  (§§ 182, 664/187, subd. (a), 12034, subd. (b).)  The trial court sentenced him to prison for 25 years to life, and we affirmed the judgment on appeal.  (See *People v. Paredes et al.* (Dec. 30, 1994, G014337) [nonpub. opn.]; *People v. Aceves* (May 26, 1999, G019759) [nonpub. opn.].)

In 2023, appellant petitioned the trial court to vacate his attempted murder convictions and to be resentenced pursuant to the terms of section 1172.6.  Following a response by the People and a hearing at which appellant was represented by appointed counsel, the court determined appellant was ineligible for relief because the jury found he acted with the intent to kill, and it was not instructed on any theory of imputed malice.  It thus denied his petition for failing to make a prima facie case for relief.

---

[1]  That section was originally housed in Penal Code section 1170.95, but it was subsequently renumbered without substantive change as Penal Code section 1172.6.  (Stats. 2022, ch. 58, § 10.)  All further statutory references are to the Penal Code.

On appeal, appointed counsel filed a brief raising no issues but requesting that we independently review the record for possible errors pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. Appellant then filed a supplemental brief, as was his right under that decision. (*Id*. at p. 232.)

DISCUSSION

In his supplemental brief, appellant requests that we review the record to determine whether his petition was properly denied. He also asks us to correct an alleged clerical error that appears on some parole paperwork he was provided back in 2010.

Appellant's latter request is outside the purview of this appeal, which is limited to the propriety of the trial court's ruling on his petition for resentencing. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) If appellant wants to challenge the accuracy of the parole board's records, he must first exhaust the administrative remedies that are available to him in prison. (See *In re Dexter* (1979) 25 Cal.3d 921, 925.)

As for appellant's resentencing request, section 1172.6 makes clear that resentencing relief is limited to defendants who were convicted of murder or attempted murder based on a theory of imputed liability, i.e., where malice was imputed to the defendant based solely on his or her participation in a crime. (§ 1172.6, subd. (a).) Appellant's jury did receive two instructions that are traditionally associated with imputed liability. However, as we now explain, the jury could not have convicted appellant of attempted murder under those instructions unless it was convinced that he personally harbored the intent to kill. Therefore, he is not entitled to relief.

The two pertinent jury instructions are CALJIC No. 3.02 and CALJIC No. 611. As given at appellant's trial, CALJIC No. 3.02 allowed the jury to find appellant guilty of attempted murder if that offense was a

3

natural and probable consequence of another offense he aided and abetted. However, the other offense was specifically identified as murder, which requires the intent to kill. (§ 187, subd. (a); *People v. Chiu* (2014) 59 Cal.4th 155, 166.) Therefore, if the jury utilized CALJIC No. 3.02 to convict appellant of attempted murder, it necessarily determined he acted with malice.

Similarly, CALJIC No. 611 permitted the jury to convict appellant of attempted murder if that offense was a natural and probable consequence of a conspiracy that he agreed to be a part of. But the only conspiracy identified for the jury was the charged offense of conspiracy to commit murder, which requires the intent to kill. (*People v. Medrano* (2024) 98 Cal.App.5th 1254, 1267.) Thus, the jury could not have convicted appellant of attempted murder under CALJIC No. 611 without finding he personally possessed that mental state. (*Ibid.*)

In other words, because of the way CALJIC Nos. 302 and 611 were worded, the jury could not have convicted appellant of attempted murder based on imputed malice arising solely from his participation in a crime. Consequently, he is outside the scope of section 1172.6, and the trial court properly denied his petition for resentencing at the prima facie stage of the proceedings. (*People v. Medrano, supra,* 98 Cal.App.5th at pp. 1267-1268; *People v. Lopez* (2022) 78 Cal.App.5th 1, 14; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205.) Having independently reviewed the entire record for possible error, we find no basis for disturbing the trial court's ruling. (See *People v. Delgadillo, supra*, 14 Cal.5th at pp. 233-234 [affirming the summary denial of the defendant's section 1172.6 petition because the record conclusively established that he was ineligible for resentencing].)

4

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


GOETHALS, J.


GOODING, J.