[No. C051191. Third Dist. May 1, 2007.]

In re CALVIN S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CALVIN S., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.

#### COUNSEL

John Hargreaves, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves and Michael P. Farrell, Assistant Attorneys General, Julie A. Hokans and John A. Bachman, Deputy Attorneys General, for Plaintiff and Respondent.

#### OPINION

**HULL, J.**—In the published portion of this decision, we hold the Fourth Amendment to the Constitution of the United States does not preclude the collection of deoxyribonucleic acid (DNA) samples in accordance with Penal Code section 296, subdivision (a)(1) from a juvenile who is adjudicated under section 602 of the Welfare and Institutions Code for committing a felony. In the unpublished portion of the decision, we decide the juvenile court did not abuse its discretion when it found good cause to continue the jurisdictional hearing. We affirm the judgment.

### FACTS AND PROCEEDINGS

On August 19, 2005, around 4:00 p.m., Nicole P. parked her 1996 Honda Accord outside a manicurist's shop on Florin Road near Franklin Boulevard. After her manicure and pedicure, she looked outside the shop and noticed her car was missing.

About 7:05 p.m. on August 19, California Highway Patrol Officer Eric Granrud stopped Calvin S. (the minor) for traffic violations while the minor was driving Nicole P.'s car. The minor was the sole occupant of the car, which had been reported stolen that same day.

At the jurisdictional hearing, the minor testified that a man named Richard Evans, an acquaintance from his old neighborhood, had asked the minor to drive the Accord to the store for him.

Following the hearing, the juvenile court found the minor to be a person described by Welfare and Institutions Code section 602 after sustaining allegations that the minor committed felony car theft (Veh. Code, § 10851, subd. (a)) and driving without a license (Veh. Code, § 12500, subd. (a)). The court continued the minor as a ward of the court and committed him to the youth center. The court also ordered the minor to provide biological samples for DNA testing and ordered that the test results be maintained in the state DNA and Forensic Identification Database and Data Bank Program pursuant to Penal Code section 296; see *id.*, § 295 et seq. (DNA Act).

DISCUSSION

I

*DNA Samples*

· Once the juvenile court sustained the petition alleging the minor had committed a felony, the minor was required to provide DNA samples for submission to the state's DNA data bank. (Pen. Code, § 296, subd. (a)(1).) The minor contends Penal Code section 296, as it relates to juveniles, violates the Fourth Amendment.

The compulsory, nonconsensual gathering of biological samples constitutes a search and seizure subject to Fourth Amendment protection. (See *Skinner v. Railway Labor Executives' Assn.* (1989) 489 U.S. 602, 616–617 [103 L.Ed.2d 639, 659–660, 109 S.Ct. 1402]; *Loder v. City of Glendale* (1997) 14 Cal.4th 846, 867 [59 Cal.Rptr.2d 696, 927 P.2d 1200]; *People v. Travis* (2006) 139 Cal.App.4th 1271 [44 Cal.Rptr.3d 177].) However, "[a]s the text

of the Fourth Amendment indicates, the ultimate measure of the constitutionality of a governmental search is 'reasonableness.' " (*Vernonia School Dist. 47J v. Acton* (1995) 515 U.S. 646, 652 [132 L.Ed.2d 564, 574, 115 S.Ct. 2386] (*Vernonia*).) "[W]hether a particular search meets the reasonableness standard ' "is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." ' " (*Id.* at pp. 652–653 [132 L.Ed.2d at p. 574].)

■ The authorities are consistent in holding that the extraction of biological samples from an adult felon is not an unreasonable search and seizure within the meaning of the Fourth Amendment. (See, e.g., *People v. Travis, supra,* 139 Cal.App.4th at pp. 1281–1290; *People v. Johnson* (2006) 139 Cal.App.4th 1135, 1168 [43 Cal.Rptr.3d 587]; *Alfaro v. Terhune* (2002) 98 Cal.App.4th 492, 505–506 [120 Cal.Rptr.2d 197] (*Alfaro*); *People v. King* (2000) 82 Cal.App.4th 1363, 1371–1378 [99 Cal.Rptr.2d 220] (*King*).) As this court explained in *Alfaro*: "We agree with existing authorities that (1) nonconsensual extraction of biological samples for identification purposes does implicate constitutional interests; (2) those convicted of serious crimes have a diminished expectation of privacy and the intrusions authorized by the [DNA] Act are minimal; and (3) the [DNA] Act serves compelling governmental interests. Not the least of the governmental interests served by the [DNA] Act is 'the overwhelming public interest in prosecuting crimes accurately.' [Citation.] A minimally intrusive methodology that can serve to avoid erroneous convictions and to bring to light and rectify erroneous convictions that have occurred manifestly serves a compelling public interest. We agree with the decisional authorities that have gone before and conclude that the balance must be struck in favor of the validity of the [DNA] Act." (98 Cal.App.4th at pp. 505–506, italics omitted.)

The minor recognizes the considerable weight of authority upholding DNA testing of adult felons. That recognition notwithstanding, the minor argues juveniles have special privacy interests that lead to a different constitutional result than that found in cases involving adult violators. Specifically, the minor contends his interest in keeping his juvenile adjudication confidential significantly alters the Fourth Amendment balancing of interests found in the decisions upholding the constitutionality of Penal Code section 296 when the offender is an adult, to the point where DNA testing of juvenile felons is unreasonable and, thus, violative of the Fourth Amendment.

The minor points to the strong public policy favoring the confidentiality of juvenile proceedings. (*People v. Superior Court* (2003) 107 Cal.App.4th 488, 493 [132 Cal.Rptr.2d 144].) And, noting that the legitimacy of a claimed expectation of privacy "may depend upon the individual's legal relationship with the State" (*Vernonia, supra*, 515 U.S. at p. 654 [132 L.Ed.2d at p. 575]), he argues the "statutes prescribing confidentiality in juvenile proceedings and records are relevant to determining a juvenile's Fourth Amendment privacy interest."

■ We recognize the confidentially of juvenile court proceedings protects the minor from the stigma of being labeled a "criminal," a label which could prevent the youth's reintegration into the community. (See *San Bernardino County Dept. of Public Social Services v. Superior Court* (1991) 232 Cal.App.3d 188, 198 [283 Cal.Rptr. 332].) This stigma is inconsistent with the juvenile court's goal of rehabilitation. (*Ibid.*)

■ We also recognize, in accordance with the policy of confidentiality, juvenile proceedings are not open to the public. (Welf. & Inst. Code, § 676.) The inspection and dissemination of juvenile records is carefully limited by statute (*id.*, § 827) and the juvenile court may order the juvenile court records sealed, which requires destruction of the juvenile records in the custody of other agencies and public officials. (*Id.*, § 781, subd. (a).)

Thus, we agree the juvenile's relationship to the state and the state's public policy favoring confidentiality of juvenile proceedings are factors that should be considered in balancing the interests to which we have referred. The question is whether that relationship and the policy favoring confidentiality tip the scales to the point where Penal Code section 296 becomes unconstitutional when applied to a juvenile who has been convicted of a felony. We think that they do not.

As noted earlier, nonconsensual extraction of the biological samples necessary for DNA testing is a minimal intrusion into the privacy of the offender. (*Alfaro, supra*, 98 Cal.App.4th at pp. 505–506; *King, supra*, 82 Cal.App.4th at p. 1374.) And DNA testing under Penal Code section 296 has little impact on the minor's interest in the privacy of juvenile proceedings. Penal Code section 295.1 "specifically limits to identification purposes the DNA and other forensic identification analyses authorized by the [DNA] Act." (*Alfaro, supra*, at pp. 507–508.) DNA and forensic identification profiles and other identification information "are exempt from any law requiring disclosure of information to the public" except as otherwise provided by statute. (Pen. Code,

§ 299.5, subd. (a).) With few exceptions, DNA samples and DNA profiles are released only to law enforcement agencies (Pen. Code, § 299.5, subd. (f)) and anyone who uses DNA specimens or profiles for other than criminal identification and criminal exclusion purposes or discloses DNA information to an unauthorized person or agency is subject to criminal prosecution that may result in conviction of a felony. (Pen. Code, § 299.5, subd. (i)(1)(A).) With the use of DNA samples and the DNA database so limited, making juveniles subject to the provisions of Penal Code section 296 is hardly a public announcement of a juvenile offender's felony conviction.

"The juvenile court's goals are to protect the public and rehabilitate the minor." (*In re Kacy S.* (1998) 68 Cal.App.4th 704, 711 [80 Cal.Rptr.2d 432]; see Welf. & Inst. Code, § 202.) The first and, to the extent the information maintained in the DNA database acts as a deterrent to future criminal conduct, the second of those goals are aided by DNA testing of juvenile felons. As counterweight to the confidentiality interests of a minor who commits a felony, Penal Code section 296 advances the important public interest in the accurate prosecution of crimes by facilitating the detection, apprehension, and conviction of offenders. (See *Alfaro, supra,* 98 Cal.App.4th at p. 506; *King, supra,* 82 Cal.App.4th at p. 1375.)

Returning then to the principles set forth above relating to the reasonableness of a particular search and seizure, we find the intrusion into a juvenile felon's Fourth Amendment interests, including his interest in the confidentiality of juvenile court proceedings, does not outweigh the legitimate government interest in DNA testing as an aid to law enforcement. Thus, the search of juveniles conducted pursuant to the provisions of Penal Code section 296 is not unreasonable within the meaning of the Fourth Amendment. There was no error.

## II

*The Continuance Motions**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 443.

## DISPOSITION

The judgment is affirmed.

Davis, Acting P. J., and Robie, J., concurred.

A petition for a rehearing was denied May 30, 2007, and appellant's petition for review by the Supreme Court was denied July 18, 2007, S153454.