[No. E041763. Fourth Dist., Div. Two. Nov. 29, 2007.]

In re G.C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
G.C., Defendant and Appellant.

**COUNSEL**

Linda Acaldo, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

RAMIREZ P. J.—

## INTRODUCTION

Minor admitted engaging in sexual intercourse with a child under the age of 14. (Pen. Code, § 288, subd. (a).) The court committed minor to the California Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ)[1] for nine years based upon the current crime and previous offenses. Minor concedes that the record supports his commitment to DJJ; however, he contends the court abused its discretion by committing him to DJJ based upon his most recent offense. Minor argues that the juvenile court should have aggregated his previous offenses and committed him to DJJ based only upon those prior offenses, in order to circumvent the requirement that minor register as a sex offender.

## FACTS

The court found a factual basis for the admission in the detention report and probable cause declaration. Minor was 15 years old at the time of the offense. Minor and the victim lived in the same neighborhood. On March 15, 2005, the 13-year-old victim and her 13-year-old friend were riding their bicycles along a street in the neighborhood. The victim injured her ankle, causing the two girls to stop riding their bicycles. Minor approached the two girls and grabbed the belt loops of the victim's pants. The victim told minor to stop. Minor told the victim's friend to stay away. The victim hit minor on his back as minor picked up the victim and put her over his shoulder. Minor carried the victim into his house. The victim repeatedly tried to escape; minor reacted by threatening to sodomize her if she continued to resist. Minor raped the victim.

Minor's criminal record begins in 2003. On August 7, 2003, minor was placed on supervised probation for fighting. (Pen. Code, § 415.) On December 11, 2003, minor was placed in a different supervised probation program for the sustained allegation of receiving stolen property. (Pen. Code, § 496, subd. (a).) On February 4, 2004, minor violated the terms of his probation and was placed at a treatment facility. On April 27, 2004, minor was arrested

---

[1] DJJ was formerly known as the California Youth Authority. (Gov. Code, §§ 12838, subd. (a), 12838.3; Welf. & Inst. Code, § 1710, subd. (a).)

for leaving the treatment facility without permission and was placed at LodgeMakers of California. On August 26, 2005, minor was placed at Corinthians for unlawfully driving or taking a vehicle. (Veh. Code, § 10851, subd. (a).) On August 29, 2005, minor left Corinthians without permission. On November 8, 2005, the court found true the allegation that minor committed a felony by carrying a dirk or dagger. (Pen. Code, § 12020, subd. (a)(4).) Minor is addicted to methamphetamines and has been a gang member since the age of 13.

## DISCUSSION

When a minor is committed to DJJ for engaging in sexual intercourse with a child under the age of 14 (Pen. Code, § 288, subd. (a)), the minor must register as a sex offender (Pen. Code, § 290, subd. (d)(1)). Minor concedes the record supports the court's finding that he be committed to DJJ; however, he disputes that he will benefit from having to register as a sex offender and argues he should not have to register for a "youthful misjudgment." Therefore, rather than committing minor to DJJ for his most recent offense, minor contends that the juvenile court should have exercised its discretion to aggregate the maximum confinement periods for his previous offenses and commit him to DJJ based only upon those crimes, in order to prevent him from having to register as a sex offender.

When determining the appropriate disposition in a delinquency proceeding, the juvenile courts are required to consider "the circumstances and gravity of the offense committed by the minor, and . . . the minor's previous delinquent history." (Welf. & Inst. Code, § 725.5; see also *In re Gary B.* (1998) 61 Cal.App.4th 844, 848–849 [71 Cal.Rptr.2d 824].) Furthermore, when setting a minor's maximum confinement time at DJJ, the juvenile courts are expressly directed to consider "the facts and circumstances of the matter . . . that brought or continued the ward under the jurisdiction of the juvenile court . . . ." (Welf. & Inst. Code, § 731, subd. (c); see also *In re Carlos E.* (2005) 127 Cal.App.4th 1529, 1538 [26 Cal.Rptr.3d 551].)

We conclude that the juvenile court acted properly by committing minor to DJJ for his most recent offense because the plain language of the statutory scheme requires the juvenile courts to consider the facts of a minor's most recently sustained petition when determining an appropriate disposition. (Welf. & Inst. Code, §§ 725.5, 731, subd. (c).) Accordingly, we conclude minor's contention has no merit.

Minor's assumption that the juvenile court has the authority to aggregate his prior maximum confinement times and commit him to DJJ based only upon his prior offenses is derived from the court's decision in *In re Alex N.* (2005) 132 Cal.App.4th 18 [33 Cal.Rptr.3d 172] (*Alex N.*), which we conclude is distinguishable from minor's case. In *Alex N.*, the minor was found to have committed first degree burglary (Pen. Code, §§ 459, 460). (*Alex N.*, at pp. 20–21.) In a prior case, the minor admitted committing a lewd act with a minor (Pen. Code, § 288, subd. (a)) and oral copulation with a minor (Pen. Code, § 288a, subd. (b)(1)), among other crimes. (*Alex N.*, at pp. 20–21.) In the burglary case, the minor requested the court not aggregate his prior sex offenses and commit him to DJJ based only upon his most recent offense, in order for the minor to avoid having to register as a sex offender. (*Id.* at p. 22.) The trial court concluded that it did not have the authority to choose not to aggregate minor's previous crimes under Welfare and Institutions Code section 726; however, the trial court indicated that it might be inclined not to aggregate the minor's prior sustained petitions, if it had the discretionary power to do so. (*Alex N.*, at p. 22.)

■ The Court of Appeal examined Welfare and Institutions Code section 726 and concluded that the juvenile court has the authority not to aggregate previously sustained petitions, as well as the authority "to modify the prior disposition for a previously sustained petition and impose any appropriate disposition." (*Alex N.*, *supra*, 132 Cal.App.4th at p. 25.) The appellate court "remand[ed] the matter to the juvenile court to give it the opportunity to exercise its discretion to not aggregate." (*Ibid.*)

The central issue presented in *Alex N.* was whether the juvenile court was correct in its belief that it did not have the discretionary authority to choose not to aggregate a minor's previous offenses. (*Alex N.*, *supra*, 132 Cal.App.4th at pp. 24–25.) We do not find this issue to be relevant to our discussion of minor's case because the juvenile court, in the instant case, believed it had the discretionary authority to proceed as minor requested, but elected not to grant minor's motion. Accordingly, we find that minor's case is distinguishable from *Alex N.* Furthermore, the minor's request in *Alex N.* was that he not be committed to DJJ for his previously sustained petitions, which differs significantly from minor's request in the instant case that he not be committed to DJJ for his current offense. (*Id.* at p. 22.)

■ To the extent defendant is arguing that *Alex N.* sets forth a foundation for a general rule that the juvenile courts have the discretionary authority to create any disposition they find appropriate, including the power to disregard a minor's most recently sustained petition, we disagree with that contention.

(*Alex N.*, *supra*, 132 Cal.App.4th at p. 25.) We have set forth in detail, *ante*, the statutory requirements placed upon the juvenile court when committing a minor to DJJ, which explicitly mandate the consideration of a minor's most recent offense *in addition* to prior offenses. (Welf. & Inst. Code, §§ 725.5, 731, subd. (b).) An assertion that the juvenile court has the authority to disregard the events that brought or continued a minor under the jurisdiction of the juvenile court is clearly contradictory to the well-settled laws governing the juvenile court system. (*Ibid.*)

Furthermore, the policies of the juvenile court system would also be contravened if the juvenile courts were empowered with the discretion to disregard a minor's most recently sustained petition when deciding upon an appropriate disposition. The Legislature has provided the juvenile court system with the central objectives of acting to benefit both public safety and the rehabilitation of young persons who have committed public offenses. (Welf. & Inst. Code, § 202; *In re Calvin S.* (2007) 150 Cal.App.4th 443, 449 [58 Cal.Rptr.3d 559].) Part of the juvenile court system's process of rehabilitating minors is holding minors accountable for their actions. (Welf. & Inst. Code, § 202, subd. (b); *In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1087–1088 [12 Cal.Rptr.2d 875].) If a juvenile court were to commit a minor to DJJ without considering a minor's most recent offense, then the court would be remiss in its duty to provide for the rehabilitation of minors because the court would not be holding the minor accountable for his or her criminal actions. (See *In re Kasaundra D.* (2004) 121 Cal.App.4th 533, 540 [16 Cal.Rptr.3d 920] ["goals of treatment and rehabilitation are better served if the minor's case history is dealt with as a whole, with each new offense committed by the minor used as a basis for reevaluation of the prior disposition"].) Accordingly, we conclude that the policies of the juvenile court system require the courts to consider a minor's most recently sustained petition when committing a minor to DJJ.

Minor concedes that the record supports his commitment to DJJ. Therefore, it would serve no purpose to analyze whether the court abused its discretion by committing minor to DJJ for his most recent offense. Furthermore, we will not analyze whether minor should be required to register as a sex offender, due to his most recent offense, because the juvenile court does not have the discretion to exempt a minor from having to register as a sex offender after he has been committed to DJJ for engaging in sexual intercourse with a child under the age of 14. (Pen. Code, §§ 288, subd. (a), 290, subd. (d)(1).)

## DISPOSITION

The judgment is affirmed.

Hollenhorst, J., and Miller, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 12, 2008, S159552. Moreno, J., did not participate therein.