Filed 2/18/14  In re Roman C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ROMAN C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F067774 |
| Plaintiff and Respondent, | (Super. Ct. No. JJD066446) |
| v. | |
| ROMAN C., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County. Jennifer Conn Shirk, Judge.

Gillian Black, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine

---

[*]      Before Kane, Acting P.J., Peña, J., and Hoff, J.†

†       Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

On August 28, 2012, a petition was filed pursuant to Welfare and Institutions Code section 602,[1] alleging that Roman C., appellant, was charged with felony counts of making a criminal threat (Pen. Code, § 422, count 1) and two counts of misdemeanor battery (Pen. Code, § 242, counts 2 & 3). At the conclusion of a contested jurisdiction hearing on September 18, 2012, the juvenile court found the allegations in the petition to be true.

The probation officer's report noted that appellant, who was then 14 years 9 months old, had been drinking alcohol once or twice a week and using a half-ounce of marijuana once a day since age 12. When he was 13 years old, appellant experimented with cocaine and LSD three or four times. When he was 14 years old, appellant occasionally used methamphetamine laced with a marijuana cigar and spice. Appellant was affiliated with a gang.

At the disposition hearing on October 2, 2012, the juvenile court declared appellant to be a ward of the court and placed him on probation upon various terms and conditions, including commitment to the Tulare County Youth Treatment Center for between 90 and 180 days.

On three occasions in 2013, petitions were filed pursuant to section 777 alleging, inter alia, that appellant had failed to follow the regulations and directives of the Youth Treatment Center, was disruptive, possessed contraband, fought, demonstrated gang behavior, and failed to follow staff directives. On

---

[1] Subsequent references are to the Welfare and Institutions Code unless otherwise noted.

2

January 15, 2013, April 16, 2013, and May 30, 2013, appellant admitted the allegations that he violated the conditions of his probation. Appellant was placed back on probation.

Each time that appellant was placed on probation, including the original disposition hearing, one of the terms and conditions of his probation (condition No. 11) was that appellant: "Submit to chemical testing in the form of, but not limited to, blood, breath, urine, or saliva on the direction of the probation officer or a peace officer."[2]

Appellant contends that the blood testing condition of his probation is unsafe, violates his Fourth Amendment rights, and is more intrusive than is necessary for an otherwise valid condition of probation. Appellant further contends that breath and saliva testing are unnecessary and unreliable.[3] Respondent argues that the testing provisions are constitutional and appellant has forfeited the second challenge to breath and saliva testing because there was no factual challenge concerning the reliability of these conditions to the trial court.

**FORFEITURE**

Appellant argues that his challenge to the condition of probation is not forfeited even though he failed to object to it at the disposition hearing. In *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*), the California Supreme Court held that a probationer does not forfeit his claim that a term of his probation is unconstitutionally vague or overbroad even though he failed to object in the

---

[2]     The one exception to the drug testing order was at the disposition hearing for the second violation of probation. Although the juvenile court did not expressly order drug testing, it stated that the terms and conditions of probation were the same as previously ordered.

[3]     Because the legal issue focuses on a probation condition, we do not recount the underlying facts of appellant's offense.

3

juvenile court. (*Id*. at pp. 878-879.) We cannot, however, review challenges to conditions of probation that were not raised in the juvenile court based on allegations they were not supported by the evidence or are improper under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). (*Sheena K*., *supra*, 40 Cal.4th at pp. 881-889.)

A challenge to a "facial constitutional defect in the relevant probation condition" that is "capable of correction without reference to the particular sentencing record developed in the trial court" can be heard by an appellate court. (*Sheena K*., *supra*, 40 Cal.4th at p. 887.) We can review appellant's constitutional challenge to the facial validity of the probation condition.

We agree with respondent, however, that the challenges to the breath and saliva testing provisions are in the nature of a factual challenge of the kind that should be brought to the juvenile court as required by *Lent* and *Sheena K*. We further find that appellant's challenge to what he calls the potential dangers and lack of safety of blood tests is also in the class of factual challenge that should have been raised before the juvenile court. Because there was no factual challenge in the juvenile court to the adequacy, reliability, or safety of any of the testing procedures in condition No. 11, pursuant to *Lent* and *Sheena K*., these challenges have been forfeited.

Although appellant did not challenge condition No. 11 after the disposition hearing, we note the juvenile court has continually reordered condition No. 11 at the disposition phase of each hearing and that appellant's constitutional challenge to this condition is the type of discrete legal issue that can be reviewed on appeal. (*Sheena K*., *supra*, 40 Cal.4th at p. 887.)

**CONSTITUTIONALITY OF BLOOD TEST**

Appellant challenges probation condition No. 11, which requires him to submit to blood, breath, urine, or saliva testing. He contends that a juvenile

4

probation condition for chemical testing must be limited to urine testing because it is minimally invasive. He also argues that probation conditions that (1) require withdrawal of blood and (2) permit testing of breath or saliva in addition to urine are unconstitutionally overbroad.

Our Supreme Court has explained that courts have broad authority to impose probation conditions for minors:

> "The juvenile court has wide discretion to select appropriate conditions and may impose '"any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'"' [Citations.] In distinguishing between the permissible exercise of discretion in probationary sentencing by the juvenile court and that allowed in 'adult' court, we have advised that, '[a]lthough the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment …." [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.…'" (*Sheena K.* [, *supra*,] 40 Cal.4th [at p.] 889.)

Appellant cites section 729.3 for his position that urine testing, but not blood, breath, or saliva testing, is a permissible probation condition for a minor. Section 729.3 provides:

> "If a minor is found to be a person described in Section 601 or 602[4] *and the court does not remove the minor from the physical custody of his or her parent or guardian*, the court, as a condition of

---

**4** Section 601 applies to minors who persistently or habitually refuse to obey the reasonable and proper orders of their parents, violate any age-based curfew ordinance, or have four or more truancies within one school year. (§ 601, subds. (a) & (b).) These minors are within the jurisdiction of the juvenile court and may be adjudged wards of the court. (*Ibid*.) A minor adjudged a ward of the court under section 601 is commonly referred to as a "status offender[]" because he or she has not committed acts that would be considered criminal if committed by an adult. (*In re P.A.* (2012) 211 Cal.App.4th 23, 35 (*P.A.*).)

5

probation, may require the minor to submit to urine testing upon the request of a peace officer or probation officer for the purpose of determining the presence of alcohol or drugs." (Italics added.)

Since appellant was removed from the custody of his parents and committed to a local juvenile facility, his reliance on section 729.3 is misplaced. The governing statute is section 730, which applies to minors who have been adjudged wards of the court under section 602. (§ 730, subd. (a).) Section 730 provides, in part:

> "When a ward … is placed under the supervision of the probation officer or committed to the care, custody, and control of the probation officer, the court may make any and all reasonable orders for the conduct of the ward …. The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).)

Here, appellant was adjudged a ward of the court under section 602 and placed in the custody of the probation officer. As a result, the juvenile court had authority to "impose and require any and all reasonable conditions" that it determined to be "fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).)

Appellant's original disposition hearing was a few months prior to his 15th birthday. Appellant began to drink alcohol and use marijuana when he was only 12 years old. By the time he was 14 years old, appellant was experimenting with LSD and cocaine and was beginning to regularly use methamphetamine. The juvenile court had ample basis to impose probation condition No. 11.

Further, the court's discretion was not limited as to the type of chemical test it could require. An appellate court has recently rejected appellant's position that section 729.3 limits the juvenile court's authority under section 730 to impose a probation condition of chemical testing other than urine testing.

6

In *P.A.*, *supra*, 211 Cal.App.4th at page 27, the minor was adjudged a ward of the court under section 602 and placed on probation. The minor challenged the probation condition that he submit to chemical tests of blood and breath. He pointed to section 729.3, arguing that its express inclusion of urine testing implicitly excluded testing by any other means. (*P.A., supra,* at pp. 32-33.) The court observed that section 730, which also applied to the minor, was much broader and had been invoked to uphold a probation condition requiring any tests to determine alcohol or drug use. (*P.A., supra,* at p. 34, citing *In re Jose R.* (1982) 137 Cal.App.3d 269, 278-280.)

The *P.A.* court also noted that sections 729.3 and 730 apply to different classes of minors. (*P.A., supra*, 211 Cal.App.4th at p. 35.) Minors described in section 729.3 include minors who have not committed any crime, have not been removed from their parents' custody, and have not been adjudged wards of the court. Section 730, on the other hand, applies to minors who have violated the law and have been removed from their parents' custody. (*P.A., supra,* at p. 35.) Based on the plain language of sections 729.3 and 730, the court concluded that section 729.3 does not limit the court's discretion under section 730 to impose blood or breath testing.[5] (*P.A., supra,* at p. 40.)

We agree with the court's reasoning and conclusion in *P.A.* and therefore reject appellant's claim that a juvenile probation condition for chemical testing must be limited to urine testing based on section 729.3.

Appellant next contends that the warrantless, nonconsensual withdrawal and testing of blood in the absence of emergency or exigency violates the Fourth

---

[5] The court also reviewed the legislative history of section 729.3, which was enacted after section 730, and found no suggestion that the Legislature intended to limit the court's authority under section 730 to allow only urine testing. (*P.A., supra*, 211 Cal.App.4th at pp. 34, 36-40.)

7

Amendment. He relies on cases involving drivers suspected of driving while intoxicated. (*Schmerber v. California* (1966) 384 U.S. 757, 768-772; *Missouri v. McNeely* (2013) ___ U.S. ___ [133 S.Ct. 1552].) In *McNeely*, the United States Supreme Court held that, "in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." (*Missouri v. McNeely, supra,* 133 S.Ct. at p. 1568.) From this holding, appellant argues that the probation condition requiring him to submit to blood testing without a warrant is unconstitutional.

Respondent correctly points out that appellant's argument fails to recognize the difference between the standard for Fourth Amendment searches applicable to the general, preconviction population, and the narrower Fourth Amendment standard applicable to juvenile offenders on probation.

Generally, adult probationers have a reduced expectation of privacy, rendering certain intrusions by governmental authorities as reasonable which would otherwise be invalid under traditional constitutional concepts. This reduced expectation of privacy applies to juvenile probationers as well. Conditions of probation provided by statute may, depending on the circumstances, require a juvenile probationer to attend school, attend counseling with his parents, respect a curfew, submit to drug testing, and participate in a drug or alcohol rehabilitation program. (*In re Tyrell J*. (1994) 8 Cal.4th 68, 85, overruled on another ground in *In re Jaime P*. (2006) 40 Cal.4th 128, 130.)

In light of the diminished expectation of privacy of juvenile probationers, the drunk driving cases cited by appellant, which involve the rights of adults who are not on probation or parole, are inapposite. Courts, for example, routinely uphold the probation condition of warrantless searches in juvenile cases. (See *In re Binh L.* (1992) 5 Cal.App.4th 194, 203.)

8

The probation condition of urine testing for drugs and alcohol is permissible even when the minor's offense does not involve drugs or alcohol and the minor's social history indicates no drug or alcohol use. (*In re Kacy S.* (1998) 68 Cal.App.4th 704, 709-711 (*Kacy S.*).) Further, the withdrawal of blood does not always require a warrant or exigent circumstances. (See *In re Calvin S.* (2007) 150 Cal.App.4th 443, 449 [rejecting juvenile offender's Fourth Amendment challenge to Pen. Code, § 296, which requires felons to provide biological samples, including blood specimens for DNA testing]; *Skinner v. Railway Labor Executives' Assn.* (1989) 489 U.S. 602, 618-633 [upholding warrantless blood testing of railroad employees involved in train accidents under "special needs" doctrine] (*Skinner*).)

This court has explained that "when the state asserts jurisdiction over a minor, it stands in the shoes of the parents." (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033-1034.) "Thus, the juvenile court may impose probation conditions that infringe on constitutional rights if the conditions are tailored to meet the needs of the minor." (*Id.* at p. 1034.) As we discussed above, probation condition No. 11 requiring appellant to submit to chemical testing was reasonably related to his crime and history of using drugs and alcohol. It was also tailored to meet his needs. Drug testing generally "advances the rehabilitation of young offenders by seeking to detect alcohol or drug use as a precursor of criminal activity in order to facilitate intervention at the earliest time." (*Kacy S., supra,* 68 Cal.App.4th at p. 711.)

Appellant argues that the probation condition allowing blood testing is overbroad because urine testing fully satisfies the need for monitoring his drug and alcohol use. Appellant's argument assumes that urine testing is always less intrusive than blood testing, but this may not be so. The Supreme Court has observed "that the intrusion occasioned by a blood test is not significant, since

9

such 'tests are … commonplace in these days of periodic physical examinations and experience with them teaches that the quantity of blood extracted is minimal, and that for most people the procedure involves virtually no risk, trauma, or pain.'" (*Skinner*, *supra*, 489 U.S. at p. 625.) The procedures for taking a urine test, on the other hand, which require the subject "to perform an excretory function traditionally shielded by great privacy, raise concerns not implicated by blood or breath tests." (*Id.* at p. 626.)

Appellant further argues that there is no special governmental need served by juvenile probation which does not create an exception to the warrant requirement with regard to "intrusive bodily searches such as blood testing." We find appellant's position unpersuasive. Chemical testing, including by means other than urine testing, is a reasonable probation condition tailored to appellant's rehabilitation. The law does not require a warrant under these circumstances.

Finally, appellant argues that breath and saliva testing are also overbroad under the Fourth Amendment, and these tests are unnecessary and unreliable because urine testing is sufficient. This argument fails for the same reasons his challenge to blood testing fails. Appellant suggests that saliva testing raises additional issues of relevance and reliability, but he cites no authority for his suggestion that saliva tests are unreliable. We reject appellant's constitutional challenges to the blood, breath, and saliva testing provisions of probation condition No. 11.

**DISPOSITION**

The findings and orders of the juvenile court are affirmed.

10