Filed 6/24/25  P. v. Holguin CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D085871 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SWF1907757) |
| ANTHONY HOLGUIN, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Riverside County, Timothy F. Freer, Judge.  Reversed in part and otherwise affirmed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Maxine Hart, Deputy Attorneys General, for Plaintiff and Respondent.

As relevant here, a jury convicted Anthony Holguin of violating Penal Code section 29820.  That section forbids an adjudged ward of the juvenile court to possess a firearm until after turning 30 years old if they committed a

qualifying offense, including those listed in Welfare and Institutions Code section 707(b). Holguin raises several claims on appeal, including that his conviction of count 2 for unlawfully possessing a firearm is unsupported because his prior juvenile adjudication was not for an offense listed in section 707(b). The People concede error on this point. Resolving this matter by memorandum opinion (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854), we accept the People's concession and reverse Holguin's section 29820 conviction due to insufficient evidence. We otherwise affirm the judgment.

## I.

In November 2019, Holguin personally discharged a firearm, causing a death. He was under the age of 30 at the time.

Holguin was charged with first degree murder (Pen. Code, § 187, subd. (a); count 1) and unlawfully possessing a firearm (§ 29820; count 2). As to count 1, it was alleged he personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53(d)). As to count 2, the information alleged Holguin, being a person under 30 years old, had previously been adjudicated a ward of the juvenile court under Welfare and Institutions Code section 602 because he had committed an offense listed in section 707(b) of the same code.

At trial, the prosecution and defense counsel stipulated that in March 2017 Holguin sustained a true finding for a violation of Penal Code section 245(a), a felony, and was determined to be a ward of the juvenile court as defined by Welfare and Institutions Code section 602. Defense counsel asserted the stipulation satisfied the elements of count 2.

The jury convicted Holguin of second degree murder with a firearm use enhancement on count 1 and unlawful possession of a firearm on count 2. He was sentenced to 15 years to life in prison on count 1 and 25 years to life for

the firearm enhancement. A concurrent midterm sentence of two years was imposed on count 2.

## II.

Holguin argues, and the People concede, that his conviction for unlawfully possessing a firearm in count 2 must be reversed because the stipulation to violating Penal Code section 245(a)—without more—does not establish that his prior juvenile adjudication as alleged in the information qualifies as a violation of section 707(b). We agree.

"[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence . . . such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) Whether an offense qualifies under section 707(b) is a question of law. (*In re Gary B.* (1998) 61 Cal.App.4th 844, 851.)

Section 707(b) lists 30 offenses, including "assault with a firearm or destructive device" and "assault by any means of force likely to produce great bodily injury." (Welf. & Inst. Code, § 707(b)(13) & (b)(14).) Penal Code section 245(a) designates four types of aggravated assault, including "assault upon the person of another with a deadly weapon or instrument other than a firearm"—the offense that resulted in Holguin being declared a ward of the juvenile court as reflected in his rap sheet. (Pen. Code, § 245(a)(1).) A "deadly weapon" is either (1) an object that is deadly per se (for example, a dirk or blackjack) or (2) an "object, instrument, or weapon" that is wielded such that it is capable of producing and likely to produce death or great bodily injury. (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028-1029, 1037, fn. 10.)

A person cannot be convicted of an uncharged offense unless it is a necessarily included offense. (*In re Hess* (1955) 45 Cal.2d 171, 174-175.) Section 707(b) does not refer to section 245(a)(1) or list assault with a deadly weapon other than a firearm as a qualifying offense. And assault with a deadly weapon can be committed without the use or threat of force likely to produce great bodily injury. (*People v. Pack* (2023) 88 Cal.App.5th 218, 224.) Thus, assault with force likely to produce great bodily injury is not a necessarily included offense of assault with a deadly weapon. (*Ibid.*)

Here, the parties' stipulation failed to specify which of the four types of assault Holguin committed under Penal Code section 245(a). And the record provides no information revealing the factual circumstances of Holguin's juvenile offense or the deadly weapon used. If Holguin's juvenile offense is in fact a violation of Penal Code section 245(a)(1), the stipulation alone fails to establish that his juvenile offense qualifies as a violation of section 707(b). Because the charge specifically alleged Holguin was adjudged a ward of the juvenile court for a section 707(b) offense, he cannot be convicted of violating section 29820 for a different qualifying offense. (*Pack*, 88 Cal.App.5th at pp. 223-225.) Accordingly, insufficient evidence underlies Holguin's conviction of count 2. That conviction, therefore, must be reversed, and double jeopardy bars retrial. (*People v. Pierce* (1979) 24 Cal.3d 199, 209-210.)

4

III.

We reverse the conviction for count 2 (unlawfully possessing a firearm (Pen. Code, § 29820)) for insufficient evidence and vacate the two-year concurrent prison term imposed for count 2. The trial court is directed to prepare an amended abstract of judgment consistent with this disposition and transmit a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. We otherwise affirm the judgment.

CASTILLO, J.

WE CONCUR:

BUCHANAN, Acting P. J.

KELETY, J.

5